# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

JACQUES A. DURR, M.D.,

      Plaintiff,

v.                                      CASE NO: 8:09-cv-663-T-26MAP

ERIC K. SHINSEKI, M.D., Secretary,
Department of Veterans Affairs,

      Defendant.

_____/

## O R D E R

Before the Court is Plaintiff's Motion for Summary Judgment as to count one of
the complaint with attachments (Dkt. 12) and Defendant's Response. (Dkt. 14). After
careful consideration of the parties' submissions and the file, the Court concludes that
summary judgment should be denied.

## PERTINENT FACTS

In this action brought by a physician employed by the Department of Veterans
Affairs (the VA) against the VA, the parties agree to the following facts. Plaintiff Dr.
Jacques Durr, board-certified in internal medicine and nephrology, enjoys an impressive
resume and first began working for the VA in Denver, Colorado, in 1985. From 1985 to
1989 he was hired under a general contract with the University of Colorado School of
Medicine. From 1989 to 1992, he was a part-time employee for the Denver VA hospital.

He began serving as a full-time physician at the Bay Pines VA Healthcare Systems from 1992 to November 7, 2008, when he was discharged.

Dr. Durr was a citizen of Switzerland, and became a citizen of the United States in June 2006. Until Dr. Durr became a United States citizen, the law did not permit the VA to employ him on any basis other than temporary full-time, part-time or without compensation. See 38 U.S.C. § 7405(a)(1). Dr. Durr avers that on November 2, 2006, the director of Bay Pines VA approved Dr. Durr's conversion from a temporary full-time employee to a permanent employee under 38 U.S.C. § 7401(1). The conversion was not complete, however, until November 12, 2006.

While at Bay Pines VA, Dr. Durr served as the chief of the nephrology section. In October 2008, Dr. Durr received his first "unsatisfactory" overall evaluation. The evaluation prompted the chief of staff and the chief of medicine at Bay Pines VA to initiate a "summary review." The "summary review" procedure applies to probationary employees who are permanent employees who have not yet completed a two-year probationary period required by 38 U.S.C. § 7403(b)(1). Dr. Durr alleges in this action that the director of Bay Pines and the chiefs of staff and medicine were involved in a systematic scheme at Bay Pines to retaliate against employees who engaged in EEO activity. Dr. Durr had complained in September 2008 to the chief of medicine about age discrimination in the use of "market pay" for physicians.

After Dr. Durr's discharge, he appealed and requested a hearing before a VA Disciplinary Appeals Board. The board entered an order stating that it had no jurisdiction

over a probationary employee, because a probationary employee had no right to appeal. In January 2009, the VA entered a final decision approving the board's order without notice or hearing.

The parties agree that the sole issue in this summary judgment proceeding is whether Dr. Durr was a probationary employee at the time of his discharge or had completed the probationary two-year period. The significance lies in his right to appeal the board's decision. If he was a probationary employee, then Dr. Durr had no right of appeal. If he was a permanent employee, having completed his two-year probationary period, then he did have a right to appeal.

## ANALYSIS

For three years, 1989 to 1992, Dr. Durr was employed on a part-time basis by the Denver VA. For the following fourteen years, 1992 through 2006, Dr. Durr was employed by Bay Pines VA on a temporary full-time basis. Dr. Durr was not eligible to be a permanent employee of the VA during these time periods under section 7401(1), because he was not a citizen of the United States until June 2006. See 38 U.S.C. § 7402(c).[1] The VA asserts that the two-year probationary period did not begin until

---

[1] Section 7402(c) provides that "a person may not be appointed in the Administration to a position listed in section 7401(1) of this title unless the person is a citizen of the United States." Physicians are one group of individuals who may be appointed by the Secretary of the VA under Section 7401(1).

November 12, 2006, on the date he became a permanent full-time employee.[2] Dr. Durr

asserts that even accepting the VA's argument as true, he actually became a permanent

employee November 2, 2006, when the director of Bay Pines VA approved his

conversion from a temporary full-time position to a permanent position.

38 U.S.C. § 7403 provides for a two-year probationary period for certain VA

employees as follows:

> (a)(1)  Appointments under this chapter of health-care
> professionals to whom this section applies may be made only
> after qualifications have been satisfactorily established in
> accordance with regulations prescribed by the Secretary,
> without regard to civil service requirements.
> (2) This section applies to the following persons appointed
> under this chapter:
>
> (A)    Physicians.
>
> .  .  .  .
> (b)(1)  Appointments described in subsection (a) shall be for
> a probationary period of two years.

The Fourth Circuit has interpreted this statute in a similar case and concluded that the

language "under this chapter" refers to the entire Chapter 74.  <u>Kahn v. West</u>, 8 Fed.Appx.

243 (4th Cir. 2001) (unpublished).  Simply stated, the Fourth Circuit held that a plain

reading of section 7403 shows that even a temporary employee, because he or she is

---

[2]  On August 4, 2006, the chief of medicine at Bay Pines VA requested that Dr. Durr's status as a temporary full-time employee be changed to a permanent full-time employee.  The request was not approved and did not become effective, however, until November 12, 2006.  On the reverse side of the request form is the following handwritten remark: "Appointment is subject to two years probationary period beginning 11-12-2006."

appointed under Chapter 74, may serve a probationary two-year period to become a permanent employee. The Kahn court declared that section 7403 does not only apply to permanent employees, but rather applies to any employee appointed under Chapter 74 to include temporary employees. Thus, if this Court were to follow the Kahn case, Dr. Durr would have been considered a permanent employee as soon as he became a United States citizen, because he had served as a temporary full-time employee since 1992 at Bay Pines VA.

Kahn, however, is an unpublished opinion of a court of appeals, which is not binding precedent according to Fourth Circuit Rule 32.1.[3] Moreover, the VA argues and reveals other circuits' opinions that do not agree with the reasoning of Kahn in its interpretation of the plain meaning of section 7403. See, e.g., Maxey v. Kadrovach, 890 F.2d 73 (8th Cir. 1989); Franks v. Nimmo, 796 F.2d 1230 (10th Cir. 1986); Elkin v. Roudebush, 564 F.2d 810 (8th Cir. 1977). Even the Eleventh Circuit has cited and relied on some of these opinions in a case involving the termination of a VA employee who was subject to the summary procedures of section 7461. See Hardison v. Cohen, 375 F.3d 1262 (11th Cir. 2004). Based on the reasoning in the cases cited, the position of the VA is

---

[3] Much like the Eleventh Circuit Rule 36-2 in which an unpublished case is not controlling precedent, the Fourth Circuit seems to have adopted a similar rule. In the Eleventh Circuit, "[o]pinions that the panel believes to have no precedential value are not published." A.P. ex rel. Bazerman v. Feaver, 293 Fed.Appx. 635, 636 n. 1 (11th Cir. 2008) (dissenting opinion quoting the internal operating procedures appended to Rule 36-2); see also Bravo v. United States, 532 F.3d 1154, 1164 n. 5 (11th Cir. 2008) (stating that unpublished opinions are not binding precedent, relying on 11th Cir. R. 36-2).

that section 7403 applies only to those employees who were appointed under section 7401(1) to a full-time, permanent status. In other words, section 7403 must read in tandem with the other sections of Chapter 74 to give the statute a common sense meaning.

The VA's presentation of the statutory interpretation for Chapter 74 is persuasive. First, the statute creates a separate category of "temporary employees" under section 7405 who are hired "in addition to" personnel such as physicians described in subsection (1) of section 7401, "who may be appointed by the Secretary." See 38 U.S.C. § 7405(b)(1); 7401(1). Thus, temporary employees may be employed by the Secretary in addition to physicians who are appointed by the Secretary.[4] This reading lends itself to the conclusion, as substantiated by Franks and Elkin, that the statute's intent was to create different classes of employees, temporary and permanent, with different time tables applicable to each. Under this interpretation, only permanent employees would be subject to the two-year probationary period of section 7403.

In Franks, Dr. Franks began his employment with the VA as a temporary, part-time employee under what is now section 7405. After eleven years of service as a temporary, part-time employee, he accepted a full-time permanent appointment. Within two years from his appointment as a permanent employee, administrative proceedings to terminate him were initiated. The court stated that "the appointment of permanent full-time physicians is made pursuant to 38 U.S.C. § 4104 (1982) [now § 7401 as recodified]

---

[4] Both temporary employees and physicians are referred to as personnel.

and is governed by section 4106 [now section 7403 as recodified]." The court stated that all appointees under what would now be section 7401(1) must serve a probationary period of two years when they move from temporary to permanent status.

In Elkin, a VA nurse served in a temporary status under section 4114, which is now section 7405. In hopes of being treated as a probationary employee with at least the protection of a summary proceeding, as opposed to temporary status with no protection, she argued that a letter promising her conversion to probationary status upon completion of several steps should finalize the conversion since she knew she had completed the steps. The court held, however, that the VA must take action to actually convert her status to probationary, and the VA never did so. In Dr. Durr's case, the VA had not completed conversion of his status from temporary to permanent until November 12, 2006, as noted on the VA's form.

Applying the authority from the Eighth and Tenth Circuits, and reading the statute as a whole, this Court concludes that Dr. Durr's status was not converted under the terms of Chapter 74 until two years after November 12, 2006. Consequently, his termination date of November 7, 2008, fell within the two-year probationary period on his permanent full-time status. Dr. Durr was a probationary employee at the time of his discharge and as such, he had no right to appeal the decision to the board.

In light of the Court's determination that Dr. Durr did not have a right to appeal the board's decision, it necessarily follows that judgment must be entered in favor of Defendant not only as to count one, but also as to count two, inasmuch as the second

count seeks mandamus relief in the form of requiring the VA to provide Dr. Durr an appeal which the Court has determined he is not entitled to. Accordingly, it is

**ORDERED AND ADJUDGED** that Plaintiff's Motion for Summary Judgment (Dkt. 12) is **DENIED.** The Clerk is directed to enter judgment in favor of Defendant and to close the case.

**DONE AND ORDERED** at Tampa, Florida, on February 5, 2010.


_____s/_Richard A. Lazzara_____
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**


<u>**COPIES FURNISHED TO**</u>:
Counsel of Record